IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CAROL L. REEVES, et al., | § |
| | § |
|   Plaintiffs, | § |
| | § |
| v. | §   EP-10-CV-240-KC |
| | § |
| WELLS FARGO HOME | § |
| MORTGAGE, et al., | § |
| | § |
|   Defendants. | § |

### ORDER

On this day, the Court considered Plaintiff Carol Reeves's ("Plaintiff") Motion to Vacate All Judgments for Lack of Jurisdiction Pursuant to FRCP 60(b) ("Motion to Vacate"), ECF No. 111, in the above-captioned case (the "Case"). For the following reasons, the Motion to Vacate is **DENIED.**

**I.     BACKGROUND**

The Case stems from alleged fraudulent conduct relating to a 2004 mortgage. *See* Am. Compl. 2-9, ECF No. 26. On June 28, 2010, Plaintiff, along with co-plaintiff Fern Gillespie,[1] filed this action by requesting a temporary restraining order to prevent a "wrongful, illegal, and fraudulent" foreclosure on Plaintiff's home. *See* "Order to Show Cause and TRO" (the "Complaint") 5, ECF No. 1. After the Court denied the requested injunctive relief, *see* July 2, 2010, TRO, ECF No. 4, Plaintiff filed an Amended Complaint on September 13, 2011. *See* Am. Compl. By the Amended Complaint, Plaintiff asserted a single federal cause of action alleging

---

[1] The Court notes that Plaintiff Carol Reeves alone has filed the instant motion and there is no indication that Plaintiff Fern Gillespie has any interest in pursuing the Motion to Vacate. *See* Mot. to Vacate 1.

1

civil RICO violations under 18 U.S.C. § 1692, as well as a number of tort claims under Texas state law. *Id.* at 9-16. The Court subsequently ordered Plaintiff to file a RICO case statement by December 14, 2011. *See* Nov. 17, 2011, Order 5, ECF No. 50. The Court warned Plaintiff that failure to file the RICO statement would result in dismissal of Plaintiff's RICO claim. *Id.* After Plaintiff failed to timely file the RICO statement as ordered, the Court dismissed Plaintiff's RICO claim on January 5, 2012. *See* Jan. 5, 2012, Order, ECF No. 57. By doing so, the Court dismissed Plaintiff's only federal claim, thus leaving only Plaintiff's claims sounding in Texas state law.

On January 18, 2012, Defendants Wells Fargo Home Mortgage, Wells Fargo Bank, N.A., and Mortgage Electronic Registration System filed their Motion for Summary Judgment. *See* Mot. for Summ. J., ECF No. 61. A week later, Defendant Barrett Daffin Frappier Turner & Engel, LLP filed its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) ("Motion to Dismiss"), ECF No. 63. The Court granted both the Motion for Summary Judgment and the Motion to Dismiss on May 11, 2012, thereby deciding Plaintiff's remaining state law claims. *See* May 11, 2012, Order 7-20, ECF No. 79.

Plaintiff filed the instant Motion to Vacate on January 12, 2015, "asking that all judgments issued by this [C]ourt be vacated pursuant to [Federal Rule of Civil Procedure] 60(b)(4) because [the Court] lacked jurisdiction after the [f]ederal question providing jurisdiction under 28 U.S.C. § 1331 was dismissed." Mot. to Vacate 1. Defendants filed their Response in Opposition to Plaintiff's Motion to Vacate All Judgments for Lack of Jurisdiction Pursuant to FRCP 60(b) ("Response"), ECF No. 112, on January 20, 2015.

## II. DISCUSSION

### A. Standard

Federal Rule of Civil Procedure 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if] . . . the judgment is void." Fed. R. Civ. P. 60(b)(4). "'A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law.'" *Franklin v. Laughlin*, 442 F. App'x 177, 178 (5th Cir. 2011) (quoting *Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998)).

### B. Analysis

Plaintiff asserts that the Court lost jurisdiction over Plaintiff's state law claims when, on January 5, 2012, the Court dismissed Plaintiff's federal civil RICO claim, upon which the Court's jurisdiction was initially based. Mot. to Vacate 3. Therefore, according to Plaintiff, the Court's subsequent decisions relating to the remaining state law claims are void because the Court lacked jurisdiction to reach them. *Id.* Defendants respond that the dismissal of Plaintiff's federal claim did not deprive the Court of jurisdiction because the Court retained valid pendent jurisdiction over Plaintiff's state law claims. Resp. 5.

"[A] district court has discretionary power to adjudicate pendent [state] claims after it has dismissed the federal claims that originally invoked its jurisdiction." *Cinel v. Connick*, 15 F.3d 1338, 1344 (5th Cir. 1994) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-26 (1966)); *see also* 28 U.S.C. § 1367. "The federal claim must have substance sufficient to confer subject matter jurisdiction on the court" and "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers*, 383 U.S. at 725. This power "need not be exercised in every case in which it is found to exist." *Id.* at 726. "The district court may

3

decline to exercise [pendent] jurisdiction over a claim . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Courts additionally consider the common law factors of "'judicial economy, convenience, fairness, and comity'" in deciding whether to exercise pendent jurisdiction. *See Hicks v. Austin Indep. Sch. Dist.*, 564 F. App'x 747, 748 (5th Cir. 2014) (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009)); *Donahue v. Tokyo Electron Am., Inc.*, 42 F. Supp. 3d 829, 840 (W.D. Tex. 2014).

Plaintiff's own Motion to Vacate acknowledges that the "[C]ourt initially had jurisdiction" under 28 U.S.C. § 1331 "because there were questions concerning the laws of the United States." Mot. to Vacate 2. Accordingly, there is no dispute that Plaintiff's initial federal claim had "substance sufficient to confer subject matter jurisdiction on the [C]ourt." *United Mine Workers*, 383 U.S. at 725. After the Court dismissed Plaintiff's federal civil RICO claim, only Plaintiff's causes of action sounding in state law remained. *See* Am. Compl. These state tort claims arose, however, from the same "common nucleus of operative fact" as the federal civil RICO claim, namely, Defendants' allegedly fraudulent and tortious conduct relating to the handling of Plaintiff's mortgage. *See United Mine Workers*, 383 U.S. at 725; Am. Compl. 9-15 ("repeat[ing] and re-alleg[ing]" the same set of facts for each federal and state cause of action). Consequently, the Court had the discretion to retain pendent jurisdiction over Plaintiff's remaining state claims. *See Connick*, 15 F.3d at 1344.

Furthermore, none of the common law or statutory factors considered by courts weighed in favor of declining jurisdiction. *See* 28 U.S.C. § 1367(c); *Hicks*, 564 F. App'x at 748. First, the judicial economy of both the federal and state courts was served by retaining jurisdiction. The Motion for Summary Judgment and the Motion to Dismiss were filed shortly after the Court dismissed Plaintiff's federal claim. *See* Mot. for Summ. J. (filed thirteen days after dismissal of Plaintiff's civil RICO claim); Mot. to Dismiss (filed nineteen days after dismissal of Plaintiff's civil RICO claim). Plaintiff then sought, and received, an extension of time by which to respond to Defendants' motions. *See* Mot. for Time Extension to Respond to Defs.' Reqs. for Dismissal, ECF No. 64; Feb. 17, 2012, Order (granting Plaintiff until March 9, 2012, to respond). Accordingly, it was not until nearly two months after Defendants filed their motions that Plaintiff responded. *See* Pl.'s Resp. to Def.'s Mot. for Summ. J. ("Response to Motion for Summary Judgment"), ECF No. 72; Pl.'s Resp. to Def. Barret Daffin Frappier Turner & Engel, LLP's Mot. to Dismiss Pursuant to Fed. R. of Civ. P. 12(c) ("Response to Motion to Dismiss"), ECF No. 73. Despite the extension on her time to respond, Plaintiff at no point challenged the Court's jurisdiction over the state law claims. To the contrary, Plaintiff affirmatively asserted, albeit incorrectly, that there were remaining federal causes of action in the Case. *Compare* Resp. to Mot. for Summ. J. 5 ("Plaintiff['s] Amended Complaint includes requests that this Court enter judgment based on violations of the Truth in Lending Act ('TILA') [and] the Federal Real Estate Settlement Procedures Act ('RESPA')."), *and* Resp. to Mot. to Dismiss 5 (same), *with* Am. Compl. 9-15 (asserting only a single federal cause of action), *and* Jan. 5, 2012, Order (dismissing Plaintiff's federal cause of action).

Accordingly, on May 11, 2012, the Court decided the merits of Plaintiff's state law claims. *See* May 11, 2012, Order. At that time the Case had been pending before the Court for

almost two years, the parties' discovery deadline had passed, and the Case was only three months before trial. *See Compl.*; *Scheduling Order*, ECF No. 47 (setting March 30, 2012, discovery deadline and August 31, 2012, trial date). Refusing to retain jurisdiction over the state law claims at that time would not have served the judicial economies of either the federal or state courts. *Compare Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) (finding district court did not abuse discretion by retaining pendent jurisdiction where the case had been pending for two years, was one month away from trial, and the parties had already conducted extensive discovery), *with Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992) (finding judicial economy would have been better served by refusing pendent jurisdiction where case had been pending for only nine months, discovery had not been completed, and the parties were not ready for trial).

The Court further notes that deciding Plaintiff's state law claims was neither novel nor complex. *See* 28 U.S.C. § 1367(c)(1). Plaintiff's claims for fraud and intentional infliction of emotional distress failed because Plaintiff presented no evidence at all in support of her claims. *See* May 11, 2012, Order 13-14. Plaintiff's request for declaratory judgment likewise failed because Plaintiff "ha[d] no evidence or legal authority" in support of her assertion that Defendant Wells Fargo could not enforce the mortgage note. *Id.* at 11. Similarly, Plaintiff's claim for wrongful foreclosure "failed as a matter of law" because "it [was] undisputed that no foreclosure ha[d] taken place." *Id.* at 12. Accordingly, "while the matters remaining in [the] lawsuit [were] solely questions of state law, they present[ed] no novel or especially unusual questions which [could not] be readily and routinely resolved by the [C]ourt." *See Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 308 (5th Cir. 1991). Therefore, considerations of comity to the

6

State courts did not weigh against exercising pendent jurisdiction over Plaintiff's state law claims.  *See id.*

Finally, the Court finds that neither considerations of fairness or convenience weighed in favor of declining jurisdiction over the state claims.  Even after the Court dismissed Plaintiff's federal claim, the Court granted Plaintiff an extension of time by which to respond to Defendants' dispositive motions on the remaining state claims.  *See* Feb. 17, 2012, Order.  Nonetheless, after nearly two years of litigation, Plaintiff was unable to present any evidence in support of her claims.  *See* May 11, 2012, Order 7-14.  Plaintiff has offered no reason why the Court's retention of jurisdiction was in anyway unfair to her ability to pursue her claim.  Nor has Plaintiff offered any reason why it would have been convenient for any party if the Court had declined jurisdiction and required Plaintiff to re-file her claims in the State courts.

Accordingly, the Court properly exercised pendent subject matter jurisdiction over Plaintiff's state law claims.  *See Doddy*, 101 F.3d at 456; *Connick*, 15 F.3d at 1344; *Newport*, 941 F.2d at 308.  The Court's judgments in the Case are, therefore, not void within the meaning of Federal Rule of Civil Procedure 60(b)(4), and Plaintiff is not entitled to the relief sought.  *See Franklin*, 442 F. App'x at 178.

It is therefore **ORDERED** that Plaintiff's Motion to Vacate, ECF No. 111, is **DENIED**.

**SO ORDERED.**

SIGNED this 25th day of March, 2015.

_Kathleen Cardone_
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE